IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 15 C 2700 ) |
| GROOT RECYCLING & WASTE SERVICE, INC., et al. | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Defendant Groot Recycling & Waste Service, Inc. (Groot Recycling) and Defendant Groot, Inc. (Groot) allegedly operate a business and are obligated to make pension contributions to certain pension funds (Funds). Prior to October 1, 2003, Defendant was allegedly bound by Teamsters Local 705 Private Scavenger Agreements. On October 1, 2003, Defendants' bargaining unit employees allegedly transferred from Teamsters Local 705 (Local 705) to Teamsters Local 731 (Local

1

731). However, the Local 731 Private Scavenger Agreement that was in effect at that time allegedly provided that employees who had been covered by the Local 705 Private Scavenger Agreements would continue to be covered by such agreements. Beginning on October 1, 2008, when a new Local 731 Private Scavenger Agreement came into effect (October 2008 Agreement), Defendants allegedly began making pension contributions in accordance with the October 2008 Agreement. After the expiration of the October 2008 Agreement on September 30, 2013, Defendants allegedly continued to make contributions without protest or limitation. Plaintiffs contend that by such conduct Defendants manifested an assent to be bound by the terms of the October 2008 Agreement after its expiration.

Plaintiffs bring the instant action as trustees of the Funds and include in their complaint a failure to pay benefits contributions claim against Groot Recycling brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (Count I), and a failure to pay benefits contributions claim against Groot brought under ERISA (Count II). Defendants now move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003)(overruled on separate grounds). If the concern of the court or party challenging subject matter jurisdiction

2

is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, the court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

Defendants argue that this court lacks subject matter jurisdiction, contending that the October 2008 Agreement expired and that there is thus no longer any

actionable independent contractual obligation for this court to consider. In *Laborers Health and Welfare Trust Fund For Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539 (1988), the Supreme Court held that while ERISA allows a court to enforce contractual obligations, a district court lacks jurisdiction to enforce a "duty to make postcontract contributions while negotiations for a new contract are being conducted." *Id.* at 547-51 (stating that "[t]he legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts" and "[t]hat history contains no mention of the employer's statutory duty to make postcontract contributions while negotiations for a new contract are being conducted").

    Defendants argue that pursuant to *Advanced*, this court lacks jurisdiction to determine whether Plaintiffs can recover contributions for a period after the October 2008 Agreement expired on September 30, 2013. Plaintiffs respond by indicating that their claims are not seeking the enforcement of contractual rights stemming from an expired written contract. Instead, Plaintiffs contend that their theory of this case is that Defendants adopted a collective bargaining agreement by their course of conduct. It is true that parties can bind themselves to a collective bargaining agreement even if a formal written agreement has not been signed. *See Bricklayers Local 21 of Illinois Apprenticeship and Training Program v. Banner Restoration, Inc.*, 385 F.3d 761, 766 (7th Cir. 2004)(stating that "a collective bargaining agreement is not dependent on the reduction to writing of the parties' intention to be

bound, . . . rather [a]ll that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement")(internal quotations omitted)(quoting *Gariup v. Birchler Ceiling & Interior Co.*, 777 F.2d 370, 373 (7th Cir. 1985)). However, in the instant action Plaintiffs have not alleged facts to indicate that Defendants agreed to be bound by any agreement after the expiration of the October 2008 Agreement. Plaintiffs contend that Defendants continued to make contributions as they did before the expiration of the October 2008 Agreement and continued to submit the documentation that had language in it stating that Defendants were parties to a collective bargaining agreement. However, the mere fact that Defendants submitted the same documents after the expiration of the October 2008 Agreement which contained certain boilerplate language is not sufficient to show that Defendants agreed to be bound by a collective bargaining agreement or that Plaintiffs' claims are contractually-based claims. The facts presented in this case do not indicate that Plaintiffs claims are premised upon any contractual obligations. *See Midwest Operating Engineers Welfare Fund v. County of Mercer*, 2014 WL 5821795, at *2 (N.D. Ill. 2014)(finding that the plaintiff had "not presented sufficient evidence to show that" there was "a contractual claim rather than a statutory one"). The court also notes that Plaintiffs readily admit that the parties are still negotiating the terms of a future collective bargaining agreement.

      The Seventh Circuit has explained that in *Advanced*, the Supreme Court held that ERISA "does not give rise to any federal right to have an employer make post-contract contributions while negotiations are ongoing," that failing to make

contributions during the negotiations and status quo period violates the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.*, and that such claims are "exclusively within the jurisdiction of the National Labor Relations Board." *Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 745 (7th Cir. 2007). Thus, Plaintiffs are not without a remedy to recover the contributions owed after the expiration of the October 2008 Agreement. Their recourse is with the National Labor Relations Board (NLRB), which has exclusive jurisdiction over such claims.

     Plaintiffs also indicate that if the court is inclined to grant the motion to dismiss, Plaintiffs would request leave to conduct discovery on the issue of whether Defendants engaged in conduct that would constitute an implied assent to be bound by the terms of the October 2008 Agreement after its expiration. Plaintiffs, however, have failed to present sufficient concrete facts to support their theory in this case. Plaintiffs seek broad discovery to examine the "circumstances" under which Defendants continued to make contributions. (Resp. 11). Plaintiffs contend by alleging that Defendants' conduct manifested an intent to be bound that they have sufficiently presented facts to proceed further in this case and conduct discovery. Such discovery would essentially be a fishing expedition on the part of Plaintiffs. The Supreme Court has made clear that jurisdiction lies with the NLRB for post-contract contributions. To allow plaintiffs in such cases, as a matter of course, to conduct discovery simply to make sure that the defendants did not engage in conduct that indicates an intent to be contractually bound would improperly expand the

limited exception to the general rule. Such a process would mainly force the parties and the court to expend resources and delay the proceedings for claims that belong before the NLRB, and would not serve judicial economy, or be consistent with the statutory scheme as defined by Congress and the courts. Therefore, Defendants' motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 22, 2015